UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WENDI J. HINTZ,

        Plaintiff,

        v.                                            Case No. 17-C-1220

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

---

## ORDER

---

       This matter comes before the Court on Plaintiff's motion for attorneys' fees in the amount of $21,550.00 to be paid to Attorney David F. Traver from her past due benefits under 42 U.S.C. § 406(b). The Commissioner does not object to the amount of the fee requested. For the following reasons, the motion will be granted.

       A court may allow as part of its judgment "a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1). The "25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Section 406(b)(2) "makes it a misdemeanor for any attorney to charge, demand, receive, or collect a fee for court representation in excess of that permitted under § 406(b)(1)." *O'Donnell v. Saul*, 983 F.3d 950, 952–53 (7th Cir. 2020) (internal quotation marks, citations, and alterations omitted). Under the Savings Provision, "an attorney does not commit a misdemeanor by accepting fees under both the EAJA and § 406(b) for the same work" when the "'claimant's attorney refunds to the claimant the amount of the smaller fee.'" *Id.* at 956 (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).

In this case, the Court reversed the Commissioner's denial of disability benefits, remanded the matter for further administrative proceedings, and awarded Plaintiff attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,988.40. On remand, the Administrative Law Judge issued a favorable decision, and Plaintiff was awarded $126,200.00 in past due benefits. Because Plaintiff agreed to pay counsel 25% of all past due benefits, the Social Security Administration (SSA) withheld 25 percent of Plaintiff's past due benefits, or $31,550.00. From that, $10,000 was paid by the SSA to Attorney Hudec for work performed at the SSA under 42 U.S.C. § 406(a).

Although Attorney Traver is entitled to the full 25% of past due benefits ($31,550.00), Plaintiff seeks an award of fees in the amount of $21,550.00 to be paid to Attorney Traver. Attorney Traver explains that, to comply with the Savings Provision, rather than issue a refund check to Plaintiff for the amount of the EAJA fees awarded, he has reduced the amount of payment he seeks from Plaintiff's past-due benefits by the amount of EAJA fees ($7,988.40). In addition, because a portion of the pool of funds withheld were used to pay Attorney Hudec for work performed at the SSA, Attorney Traver voluntarily seeks to receive $2,011.60 less than 25% of the past due benefits, so that he does not exceed the pool of funds withheld from past due benefits for attorney's fees. Plaintiff's request for attorneys' fees in the amount of $21,550.00 is reasonable.

For these reasons, the motion for attorney's fees is **GRANTED**. Attorney Traver is entitled to attorney's fees in the amount of $21,550.00. No refund to Plaintiff from Attorney Traver is required.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of February, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge